# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>VANCE WADE MOORE,<br>        Defendant. | Case No. CR-08-10-RAW |

## ORDER

Before the court is Defendant Vance Wade Moore's motion for determination of competency, for psychiatric or psychological examination and for a report on Defendant's psychiatric or psychological condition [Docket No. 22]. At the motion hearing on March 27, 2008, the government stated that it takes no position on Defendant's motion, but agrees that there is some factual basis for an order of examination.

The court finds that Defendant's motion presents "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" such that the court must grant the motion. See 18 U.S.C. § 4241(a). The Tenth Circuit has reiterated on numerous occasions that "the criminal prosecution of an accused person while legally incompetent offends the Due Process Clause of the Fourteenth Amendment." United States v. Williams, 113 F.3d 1155, 1159 (10th Cir. 1997).

Accordingly, the court GRANTS Defendant's motion [Docket No. 22]. The court hereby orders an examination pursuant to 18 U.S.C. § 4241(b). Defendant is hereby placed in the custody of the Attorney General for prompt placement in a suitable Federal Medical Center facility[*] to be

---

[*]Unless impracticable, the Defendant shall be examined in the suitable facility closest to the court. See 18 U.S.C. § 4247(b).

examined for a reasonable period, but not to exceed thirty days. The United States Marshals Service shall transport Defendant to the designated facility. Defendant and the United States Probation Office for this District shall make available to the designated facility any records, reports, or other documents in their possession that pertain to Defendant's mental capacity. Defendant and his counsel shall cooperate with the designated facility in the processing of the examination. After completion of the examination, the designated facility shall file with this court a psychiatric or psychological report pursuant to the provisions of 18 U.S.C. § 4247(b) and (c). As those sections detail, the report shall include:

(1) Defendant's history and present symptoms;
(2) a description of the psychiatric, psychological and medical tests that were employed and their results;
(3) the examiner's findings;
(4) the examiner's opinions as to diagnosis, prognosis; and
(5) whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable:
(A) to understand the nature and consequences of the proceedings against him, or
(B) to assist properly in his defense.

Thereafter, the court will set a competency hearing pursuant to 18 U.S.C. § 4241(a). Any period of delay resulting from this proceeding shall be excluded under the provisions of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A).

It is so ORDERED this 27th day of March, 2008.

**Dated this 27th Day of March 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma